UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHANNON HANAWAY,  No. 06-10970

                         Debtor(s).
_____/

NATIONAL CITY BANK,

                         Plaintiff(s),

      v.  A.P. No. 07-1020

SHANNON HANAWAY, et al.,

                         Defendant(s).
_____/

Memorandum re Proposed Stipulated Judgment
_____

       The court initially rejected the proposed stipulation in the above matter because the Chapter 7 trustee had been improperly named as a defendant in a dischargeability action. If a creditor is worried about the rights of a bankruptcy estate interfering with a settlement with a debtor, the proper procedure is to obtain abandonment of the estate's interests by a noticed motion. Even if the court were to have approved the stipulation, and even though the trustee had signed off on it, the judgment would certainly have been void due to lack of notice.

1

Upon further reflection, the court finds much more fault with the proposed settlement. It appears that plaintiff is seeking a monetary judgment on a secured debt, thereby waiving its security. While an under-secured creditor may obtain a judicial declaration that any lawful deficiency debt is nondischargeable, a monetary judgment is fatal to its secured rights.

Further, the proposed stipulation provides for both a nonjudicial foreclosure and a monetary judgment. This is in blatant conflict with unwaivable California law. The court will need a detailed explanation from debtor's counsel as to why such an important right is being tossed away and a detailed brief from plaintiff's counsel as to why the court should (and can) allow a debtor to waive the protections of California law before it will consider such an unusual judgment.

In short, the court does not believe that it should approve the settlement. The court recommends that the parties dismiss the Chapter 7 trustee and merely stipulate to a declaration that any lawful and enforceable deficiency debt will be nondischargeable in whole or in part. If the parties believe that there is justification for the settlement, they shall set the matter for hearing. Both plaintiff's counsel and debtor's counsel shall attend in person.

Dated: June 22, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge